BERZON, Circuit Judge,
dissenting in part:
I join the majority with regard to Gonzalez Salazar’s lack of due diligence and the lack of relevance of any claim of changed personal circumstances. But I would hold that Gonzalez Salazar adequately exhausted his changed country conditions claim, and so I would remand to the BIA for further consideration of that issue.
“[W]e do not employ the exhaustion doctrine in a formalistic manner.... ” Figueroa v. Mukasey, 543 F.3d 487, 492 (9th Cir.2008). An alien “need not use precise legal terminology to exhaust his claim. Nor must he provide a well developed argument to support his claim....” Arsdi v. Holder, 659 F.3d 925, 929 (9th Cir.2011). We only “inquire into whether ... the petitioner ‘put the BIA on notice’ as to the specific issues so that the BIA has ‘an opportunity to pass on th[ose] issue[s].’ ” Figueroa, 543 F.3d at 492 (quoting Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir.2004)) (alterations in original).
Gonzalez Salazar explicitly argued in his motion to reopen that “Conditions in Mexico have changed for the worse since 1997.” His original brief supporting that motion did not mention changed conditions for homosexuals; instead it referenced an attached declaration discussing conditions for homosexuals in Mexico, at length. That referenced declaration, together with articles and reports describing increased homophobia and hate crimes in Mexico submitted with Gonzalez Salazar’s post-remand brief, sufficed to put the agency on notice of a changed country conditions claim. See, e.g., Aden v. Holder, 589 F.3d 1040, 1047 (9th Cir.2009) (although petitioner did not discuss Convention Against Torture claim at length, it was adequately exhausted where the issue was mentioned in the conclusion of his brief).
The BIA did say, perhaps as an alternative to its conclusion that Gonzalez Salazar “d[id] not explicitly make a claim” of changed country conditions, that it “agree[d] with the DHS that much of the respondent’s proffered evidence was discoverable at his former hearing.” In fact, much of Gonzalez Salazar’s evidence submitted after remand, including recent articles and testimony regarding worsening *733 conditions for homosexuals in Mexico over the past ten years, could not have been presented to the BIA during Gonzalez Salazar’s 1999 removal proceedings.
I would therefore remand to the BIA for consideration of the changed country conditions claim. See Aguilar-Ramos v. Holder, 594 F.3d 701, 705 (9th Cir.2010).